No. 21-15397

## In the

# United States Court of Appeals for the Ninth Circuit

---

TERESA ARMSTRONG,

*Plaintiff - Appellant,*

vs.

MICHAELS STORES, INC. and DOES.
1-100, inclusive,

*Defendants - Appellees.*

---

On Appeal from the United States District Court
for the Northern District of California
Hon. LUCY H. KOH  Judge Presiding
District Court Case No. 17-CV-06540-LHK

---

## APPELLANT'S OPENING BRIEF

---

**SETAREH LAW GROUP**
Shaun Setareh, SBN 204514
Thomas Segal, SBN 222791
9665 Wilshire Blvd., Suite 430
Beverly Hills, California 90212
Telephone:   (310) 888-7771
Facsimile:    (310) 888-0109

*Attorneys for Plaintiff/ Appellant*

## **TABLE OF CONTENTS**

**INTRODUCTION**……………………………………………………..1

**STATEMENT OF JURISDICTION**……………...……………….………2

**STATEMENT OF ISSUES**…………………………..……………….....2

**STATEMENT OF THE CASE AND PROCEDURAL HISTORY**…...….…3

**STANDARD OF REVIEW**……………...……………………………….4

**SUMMARY OF ARGUMENT**……...…………..………………………4

**ARGUMENT**……………………..…………………………………6

**I.    MICHAELS WAIVED THE RIGHT TO COMPEL ARBITRATION**………………………………………….………6

    **A. MICHAELS HAD KNOWLEDGE OF AN EXISTING RIGHT TO COMPEL ARBITRATION**…………………………..……7

        **1. BY ITS OWN ADMISSION MICHAELS VOLUNTARILY CHOSE TO PARTICIPATE IN LITIGATION BEFORE FILING A MOTION TO COMPEL ARBITRATION** ……………………………..7

        **2. MICHAELS WAS NOT PRECLUDED FROM FILING A MOTION TO COMPEL INDIVIDUAL ARBITRATION BY THE MORRIS CASE**…………………..…………7

    **B. MICHAELS ACTED INCONSISTENTLY WITH THE RIGHT TO COMPEL ARBITRATION**……………..……...………….12

    **C. PLAINTIFF WAS PREJUDICED**…………………………...12

# <u>TABLE OF AUTHORITIES</u>

## Cases

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (April 7. 2011) ................ 10

*Campanelli v. ImageFIRST Healthcare Laundry Specialists, Inc.*, 2017 WL 292450*6 (N.D. Cal. 2017) ........................................................... 10

*Gonsalves v. Infosys Technologies, Ltd.*, 2010 WL 3118861 *4 n3 (N.D. Cal. 2010) .................................................................................................. 12

*Gutierrez v. Wells Fargo Bank*, 704 F.3d 712, 720 (9th Cir. 2012)................. 10

*Hernandez v. Pei Wei Asian Diner LLC*, 2017 WL 688260 (C.D. Cal. 2017) 10

*Iskanian v. CLS Transportation Los Angeles*, LLC, 59 Cal.4th 348, 372 (2014) ........................................................................................................... 9

*Johmohammadi v. Bloomingdales,* 755 F.3d 1072, 1076 (9th Cir. 2014)....... 7,8

*Martin v. Yasuda,* 829 F.3d 1118, 1125 (9th Cir. 2016) ................................ 2, 6

*McLaughlin v. Walnut Properties, Inc.,* 119 Cal.App.4th 293, 297 (2004) ...... 9

*Morris v. Ernst & Young LLP,* 834 F.3d 975 (9th Cir. 2016) ........................... 7

*Quackenbush v. Allstate Ins. Co.,* 121 F.3d 1372, 1380 (9th Cir. 1997)........... 4

*Robledo v. Randstad U.S. L.P.,* 2017 WL 4934205 *6 (N.D. Cal. 2017) ....... 10

*Stolt Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010)..................................................................... 13

*Van Ness Townhouses v. Mar. Industries Corp.*, 862 F.2d 754, 759 (9th Cir. 1998) ........................................................................................................... 15

## Statutes

28 U.S.C. § 1291.............................................................................................. 2

28 U.S.C. § 1332.............................................................................................. 2

**INTRODUCTION**

In this case, the Defendant employer ("Defendant" or "Michaels") filed a belated motion to compel arbitration after removing the case to federal court and actively litigating for 10 months. Defendant's rationale for its delay is that until the U.S. Supreme Court issued its decision in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (May 21, 2018) under then existing Ninth Circuit precedent (holding that class action waivers in employment agreements violate the National Labor Relations Act) it lacked the ability to move to compel individual rather than class arbitration. The district court agreed with this rationale for the delay and granted the motion to compel arbitration.

But this rationale was incorrect. First, the Ninth Circuit case law then in effect allowed class action waivers in arbitration agreements if the employee could opt out of the arbitration agreement. Here, the arbitration agreement allows the employee to opt out of the class action waiver, so Defendant would have had a strong argument even before the *Epic Systems* decision that its class action waiver was unenforceable. Second, the relevant Ninth Circuit case law was binding only in federal court. The California Supreme Court had rejected the argument that class action waivers violate the National Labor Relations Act. As such, Defendant created the impediment to compelling individual arbitration by removing to federal court. Finally, the Supreme Court had granted cert in *Epic Systems* before this case was even filed. Defendant could have done what many defendant employers in the same situation did and requested that the district court stay the case pending the outcome of *Epic Systems*. Instead, Defendant proceeded with litigation in federal court.

Under this Court's precedents, a litigant waives a right to compel arbitration where 1) it has knowledge of an existing right to compel arbitration; 2) acts inconsistently with that known right; and 3) the opposing party is prejudiced as a result. *Martin v. Yasuda,* 829 F.3d 1118, 1125 (9th Cir. 2016).

All those elements are met in this case, Defendant knew it had the right to compel arbitration, and could have done so. If there was any concern about uncertainty in the law, it could have asked the district court to stay the case. Instead, it moved forward with litigation including actively engaging in discovery, Plaintiff was prejudiced both by incurring expense as a result of Defendant's decision to litigate in court, and by providing information to Defendant in the discovery process.

Defendant may argue that any expense incurred by Plaintiff litigating the case is a "self-inflicted wound." But this Court has held that when a defendant chooses to litigate in federal court for an extended period of time, it loses the ability to argue that the expenses incurred by the other side are a self-inflicted wound. And here Defendant availed itself of the discovery procedures available in federal court. The motion to compel arbitration should have been denied, and the order compelling arbitration, and the resulting judgment after arbitration was completed should be reversed.

## STATEMENT OF JURISDICTION

The district court had jurisdiction pursuant to 28 U.S.C. § 1332. The district court dismissed the action on February 7, 2021. 1-ER-3. Plaintiff timely filed a notice of appeal on March 5,2021. 1-ER-453. This Court has appellate jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

1.    Did the Defendant employer waive the right to compel arbitration, where the parties litigated and conducted class discovery for months before Defendant filed its motion, and where any arguable impediment to compelling individual rather than class arbitration was a result of the Defendant's tactical decision to remove to federal court?[1]

### STATEMENT OF THE CASE AND PROCEDURAL HISTORY

This lawsuit was filed on October 10, 2017, in the Superior Court for the State of California, County of Santa Clara. Defendant removed this action to the United States District Court on November 10, 2017.  4-ER-489.

The Initial Case Management and Rule 26(f) Conference occurred on February 14, 2018. 4-ER-491.

Plaintiff served written discovery on April 19, 2018, including Requests for Production, Interrogatories, and Requests for Admission. Segal Decl. Exhs. 1-4, 3-ER-176, 3-ER-182, 3-ER-190. Defendant responded on June 5, 2018. Segal Decl. Exhs. 5-8, 3-ER-203, 3-ER-209, 3-ER-220, 3-ER-241, 3-ER-267.

Defendant served written discovery including Interrogatories on February 15, 2018, and Requests for Production on February 28, 2018. Segal Decl. Exhs. 9 and 10, 3-ER-267, 3-ER-272. Plaintiff served written responses to the Interrogatories on March 28, 2018, and produced documents along with written responses to the Requests for Production on April 4, 2018. Segal Decl. Exhs. 11-13, 3-ER-284, 3-ER-295, 3-ER-329.

---

[1] At the time Defendant removed to federal court, the state of the law was that under California Supreme Court precedent, class action waivers in employment agreements were enforceable, but under Ninth Circuit precedent class action waivers in employment agreements were not enforceable, at least if the agreement did not allow the employee to opt out.

Defendant noticed the deposition of Plaintiff on March 27, 2018. Segal Decl. Exh. 14, 3-ER-332 Plaintiff agreed to appear on August 28, 2018, but Michaels took the deposition off calendar due to a scheduling conflict. Segal Decl. Exh. 15, 3-ER-337.

On August 20, 2018, Defendant filed a motion to compel arbitration. 4-ER-342. On September 4, 2018, Plaintiff filed an opposition to the motion to compel arbitration. 3-ER-162.

On October 9, 2018, Plaintiff filed a motion for class certification. 4-ER-492. On November 20, 2018, Defendant filed an opposition to the motion. 4-ER-495.

On December 11, 2018, the district court entered an order granting the motion to compel arbitration. 1-ER-4.

The matter proceeded to arbitration and on December 16, 2020, the arbitrator granted summary judgment to Defendant. The district court entered an order dismissing the case with prejudice and a judgment in Defendant's favor on February 7, 2021. 1-ER-2, 1-ER-2. Plaintiff appealed on March 5, 2021. 4-ER-453.

## STANDARD OF REVIEW

An order compelling arbitration is reviewed de novo. *Quackenbush v. Allstate Ins. Co.,* 121 F.3d 1372, 1380 (9th Cir. 1997).

## SUMMARY OF ARGUMENT

The issue on appeal is whether Defendant Michaels waived the right to compel arbitration. This Court has held that a litigant waives the right to compel arbitration when it has knowledge of an existing right to compel arbitration, acts inconsistently with that right, and the opposing party is prejudiced as a result. All those elements are present here.

4.

Defendant Michaels filed its motion to compel arbitration more than 10 months after the lawsuit was filed. Michaels expressly told the district court that it intended to move to compel arbitration after it had conducted discovery in federal court.

Michaels' justification for its belated motion to compel arbitration was that under then current Ninth Circuit case law (holding that class action waivers in employment agreements violate the National Labor Relations Act), it could not compel *individual* arbitration.

The district court accepted this argument and found that accordingly Michaels did not act inconsistently with a known right to compel arbitration. But this argument did not excuse Michaels' delay for several reasons. First, even under the then current Ninth Circuit case law, a class action waiver in an arbitration agreement was enforceable if the arbitration agreement allowed the employee to opt out. Here, while the arbitration agreement itself was mandatory, the employee was able to opt out of the class action waiver. Thus, the district court likely would have found the class action waiver enforceable. Second, this case was filed in state court, and Michaels chose to remove. While this Court had held that class action waivers in employment agreements violate the National Labor Relations Act, the California Supreme Court had reached the opposite conclusion. Since the state Supreme Court decision on this issue would have been binding on a state trial court, any impediment to compelling individual arbitration would not have existed in state court. Finally, even if there was uncertainty as to whether Michaels could compel individual arbitration, the issue of whether class action waivers violate the National Labor Relations Act was pending before the U.S. Supreme Court when this case was filed. Michaels could have asked the district court to stay the case pending decision by the Supreme Court, as many district courts

within the Ninth Circuit did during that time period. Therefore, Michaels had a knowledge of an existing right to compel arbitration.

Michaels also acted inconsistently with that right. It litigated for 10 months, including propounding written discovery which Plaintiff responded to. Michaels chose to litigate in federal court when as set forth above, it could have compelled arbitration from the outset of the action.

Plaintiff was also prejudiced. Plaintiff was required to incur time and expense litigating in federal court, including propounding written discovery and providing substantive responses to the discovery propounded by Michaels. The district court rejected Plaintiff's argument of prejudice reasoning that any discovery obtained could also have been obtained in arbitration. But this Court has held that even if the same information could have been obtained in arbitration, it is more expensive to obtain in federal court and therefore there is prejudice. Similarly, the district court held that there was no prejudice because the discovery could have been used in the non-arbitrable PAGA claim. But this Court has held that this does not defeat prejudice where the Defendant could have moved to compel arbitration earlier but chose not to. The motion to compel arbitration should have been denied, and the judgment in this case should be reversed.

## ARGUMENT

## I. MICHAELS WAIVED THE RIGHT TO COMPEL ARBITRATION

As this Court has explained: "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (2) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Martin v. Yasuda,* 829 F.3d 1118, 1125 (9th Cir. 2016).

6.

**A.     MICHAELS HAD KNOWLEDGE OF AN EXISTING RIGHT TO COMPEL ARBITRATION**

**1)     BY ITS OWN ADMISSION MICHAELS VOLUNTARILY CHOSE TO PARTICIPATE IN LITIGATION BEFORE FILING A MOTION TO COMPEL ARBITRATION**

In a Joint Case Management Conference Statement filed on February 7, 2018, Michaels informed the district court that: "Michaels anticipates filing a motion to compel arbitration and a motion for summary judgment after conducting discovery." 4-ER-420, Joint Case Management Conference Statement at 2:24-25. Thus, Michaels by its own admission knew that it had the right to compel arbitration but chose to first conduct discovery using the auspices of the federal court to do so.

**2)     MICHAELS WAS NOT PRECLUDED FROM FILING A MOTION TO COMPEL INDIVIDUAL ARBITRATION BY THE MORRIS CASE**

In the district court, Michaels argued that it could not have compelled arbitration earlier because under this Court's decision in *Morris v. Ernst & Young LLP,* 834 F.3d 975 (9th Cir. 2016) class action waivers in employment agreements were unenforceable under the National Labor Relations Act and therefore Michaels could not have compelled individual arbitration. Therefore, according to Michaels its right to compel individual arbitration did not accrue until May 21, 2018, when the U.S. Supreme Court reversed the *Morris* decision.

The district court in granting the motion to compel arbitration credited Michaels' explanation. However, Michaels' arguments on this point do not hold up under scrutiny. In *Morris*, this Court reaffirmed its earlier holding in *Johmohammadi v. Bloomingdales,* 755 F.3d 1072, 1076 (9th Cir. 2014) which

had held that a class action waiver in an agreement which the employee can opt out of is enforceable. Specially this Court in Morris explained that: "In contrast, there was no [NLRA] violation in *Johmohammadi v. Bloomingdales*, because the employee there could have opted out of the individual dispute resolution agreement and chose not to."

Here, the subject arbitration agreement expressly stated that: "The Class Action Waiver is <u>not</u> a mandatory condition of your employment or mandatory part of this Agreement, and You may therefore opt out of and not be subject to the Class Action Waiver." 4-ER-385, Keller Decl. Exh D at 21.

In *Johnmohammadi, supra* at 1075-1076 this Court explained that the arbitration agreement with a class action waiver did not violate the National Labor Relations Act because:

> We can quickly dismiss any notion that Bloomingdale's coerced Johnmohammadi into waiving her right to file a class action. Bloomingdale's did not require her to accept a class-action waiver as a condition of employment, as was true in *In re D.R. Horton, Inc.,* 357 N.L.R.B. No. 184, 2012 WL 36274 (Jan. 3, 2012), enforcement denied in part, 737 F.3d 344 (5th Cir.2013). Bloomingdale's gave her the option of participating in its dispute resolution program, which would require her to arbitrate any employment-related disputes on an individual basis. As the district court found, Johnmohammadi was fully informed about the consequences of making that election, and she did so free of any express or implied threats of termination or retaliation if she decided to opt out of arbitration. She has not challenged those findings. There is thus no basis for concluding that Bloomingdale's coerced Johnmohammadi into waiving her right to file a class action.

Nor is there any basis for concluding that Bloomingdale's interfered with or restrained Johnmohammadi in the exercise of her right to file a class action. If she wanted to retain that right, nothing stopped her from opting out of the arbitration agreement.

Therefore, even prior to the U.S. Supreme Court's reversal of *Morris,* Michaels was not precluded from seeking to compel individual arbitration. The arbitration agreement allowed Plaintiff to opt out of the class action waiver, thus under *Johnmohammadi,* whose holding was undisturbed by *Morris*, there was no unlawful coercion or violation of the National Labor Relations Act. Michaels could have compelled individual arbitration from the outset of the case.

Additionally, the *Morris* case was only applicable in the first place because Michaels chose to remove this case to federal court. In state court, where there is no U.S. Supreme Court decision on point, the decisions of the California Supreme Court interpreting federal law are binding. *See e.g., McLaughlin v. Walnut Properties, Inc.,* 119 Cal.App.4th 293, 297 (2004). In *Iskanian v. CLS Transportation Los Angeles*, LLC, 59 Cal.4th 348, 372 (2014) the California Supreme Court held that the National Labor Relations Act does not prohibit class action waivers: "We thus conclude that in light of the FAA's 'liberal policy favoring arbitration' . . . that sections 7 and 8 of the NLRA do not represent a 'contrary congressional command' overriding the FAA's mandate."

Therefore, had Michaels simply allowed the case to stay in state court Michaels could have compelled individual arbitration. And the fact that this case was removable under the Class Action Fairness Act does not mean that Michaels had to remove it. Removal jurisdiction is waivable. *See Nortek*

*Security & Control LLC,* 2018 WL 6411352 *2 (N.D. Cal. 2018).[2] Michaels could have filed a motion to compel arbitration in state court, and under *Iskanian* there would have been no argument that its class action waiver was unenforceable under the National Labor Relations Act.

And, of course, Michaels could have asked the district court to stay proceedings pending the outcome of the *Morris* case in the Supreme Court. The Supreme Court granted certiorari in *Morris* on January 13, 2017. 137 S. Ct. 809. Therefore, from the moment the case was filed, Michaels knew that the U.S. Supreme Court was reviewing *Morris,* and therefore might overrule it. Multiple district courts granted requests from defendant employers to stay cases pending the outcome of *Morris*. *Robledo v. Randstad U.S. L.P.,* 2017 WL 4934205 *6 (N.D. Cal. 2017); *Campanelli v. ImageFIRST Healthcare Laundry Specialists, Inc*., 2017 WL 292450*6 (N.D. Cal. 2017); *Hernandez v. Pei Wei Asian Diner LLC*, 2017 WL 688260 (C.D. Cal. 2017). But rather than ask for a stay, Michaels chose to litigate.

In that respect, this case is analogous to *Gutierrez v. Wells Fargo Bank*, 704 F.3d 712, 720 (9th Cir. 2012). In that case, the defendant raised the issue of arbitration for the first time on appeal. The defendant argued that it could not have moved to compel arbitration until the U.S. Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (April 7. 2011). However, this Court noted that the defendant could have sought to stay proceedings either when the certiorari petition in *Concepcion* was filed, or when certiorari was granted:

---

[2] The district court's order stated that because Class Action Fairness Act jurisdiction exists, that therefore this case could only have been filed in federal court. 1-ER-22, Order at 19:15-16. But that conclusion was incorrect since as *Nortek* and the cases cited therein note, removal jurisdiction can be waived.

The timing of the arbitration demand is informative. The certiorari petition in Concepcion was filed on January 25, 2010, three months before the bench trial began in April 2010. Petition for Writ of Certiorari, *Concepcion,* 131 S.Ct. 1740 (No. 09–893). On May 24, 2010, the Supreme Court accepted review. *AT & T Mobility LLC v. Concepcion*, —— U.S. ——, 130 S.Ct. 3322, 176 L.Ed.2d 1218 (2010). At that stage, final argument in the district court was more than a month away, no decision had been issued, and the parties were exchanging proposed findings. The arbitration issue was, however, squarely before the Supreme Court. The district court's decision was not issued until August 2010. Even in that interim period, Wells Fargo was silent as to arbitration and did not seek a stay pending the Supreme Court's decision in Concepcion. Instead, Wells Fargo proceeded full steam ahead with this litigation in federal court.

*Gutierrez supra* at 720.

Therefore, at all times Michaels had the ability to compel individual arbitration. Under *Johnmohammadi* because the class action waiver was optional, the waiver did not violate the National Labor Relations Act even under the then current case law. And, if Michaels had simply not removed the case, it could have filed a motion to compel arbitration in state court, where the trial court would have been bound by *Iskanian*'s holding that class action waivers do not violate the NLRA. And, even if all that were not the case, the Supreme Court had granted certiorari in *Morris* before this case was even filed, so at all times this case was pending, Michaels could have asked the district court to stay the case as many other defendants faced with the exact same situation did. In fact, in *Gutierrez* this Court indicated this is exactly what a litigant in Michaels' position should do.

## B. MICHAELS ACTED INCONSISTENTLY WITH THE RIGHT TO COMPEL ARBITRATION

Michaels also acted inconsistently with its right to compel arbitration. Michaels in fact admitted that it intended to do so, telling the district court that: "Michaels anticipates filing a motion to compel arbitration and a motion for summary judgment after conducting discovery." 4-ER-420. However, Michaels does not get to create its own hybrid process combining the attributes of arbitration it likes with the attributes of litigation it likes. As a district court decision denying a motion to compel arbitration has said: "The courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration." *Gonsalves v. Infosys Technologies, Ltd.*, 2010 WL 3118861 *4 n3 (N.D. Cal. 2010).

## C. PLAINTIFF WAS PREJUDICED

This Court's decision in *Martin* demonstrates that Plaintiff was prejudiced necessitating denial of the motion to compel arbitration. In *Martin,* this Court explained as follows as to the element of prejudice:

> To prove prejudice, plaintiffs must show more than self-inflicted wounds that they incurred as a direct result of suing in federal court contrary to the provisions of an arbitration agreement. . . .Such would include costs incurred in preparing the complaint, serving notice or engaging in limited litigation regarding issues directly related to the complaint's filing, such as jurisdiction or venue. In contrast, in order to establish prejudice, the plaintiffs must show that, as a result of the defendants having delayed arbitration, they incurred costs that they otherwise would not have incurred, that they would be forced to relitigate an issue on the merits on which they would have already

prevailed in court, or that defendants have received an advantage from litigating in federal court that they would not have received in arbitration. . . . [A] plaintiff can show prejudice if the opposing party has gained information about the other side's cases that could not have been gained in arbitration."

*Martin supra* at 1126-1127.

This Court further explained in *Martin* that where the defendant delays seeking arbitration for an extended period of time, even the ordinary costs of litigating cease to become a "self-inflicted wound" because the defendant has also chosen to litigate in court:

We agree with the district court that the plaintiffs here easily meet the prejudice requirement. We note first that arbitration is designed to provide a simpler and more expeditious system of resolving certain types of disputes—a system that values "greater efficiency and speed" over "procedural rigor."– *Stolt Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010). . . .

When a party has expended considerable time and money due to the opposing party's failure to timely move for arbitration and is then deprived of the benefits for which it has paid by a belated motion to compel, the party is indeed prejudiced. *See, e.g., Kelly*, 552 Fed.Appx. at 664 (finding prejudice when the defendants waited eleven months to compel arbitration); At that point, the cost and expenses of litigating in district court are no longer simply "self-inflicted" wounds on the part of the plaintiffs, *Fisher*, 791 F.2d at 698, because the defendants' actions have shown that they, too, have sought at least for some period of time to attempt to resolve the issue in court rather than in arbitration.

13.

*Id.* at 1127.

Here, Michaels waited 10 months to file a motion to compel arbitration. By its own admission Michaels wanted to conduct discovery before it filed a motion to compel arbitration. By its own admission, Michaels also contemplated filing a motion for summary judgment. Therefore, none of the time and expense Plaintiff incurred litigating the case should be deemed a "self-inflicted wound."

The district court in granting the motion to compel arbitration held that any discovery Defendant conducted would have been available in arbitration. ER 64. However, as this Court explained in *Martin,* the time and expense the plaintiffs in that case incurred litigating in federal court warranted a finding of prejudice, even if the information obtained in discovery was the same as would have been obtained in arbitration:

> Here, because the defendants failed to move for arbitration for seventeen months, the plaintiffs expended considerable money and effort in federal litigation, including conferring with opposing counsel regarding how to conduct the case on the merits, analyzing how to approach discovery and class certification, and contesting the defendants' motion to dismiss on the merits. As discussed above, even if the parties exchanged the same information in court as they would have in arbitration, the process of doing so in federal court likely cost far more than determining the answer to the same question in arbitration. The unnecessary, additional costs incurred by the plaintiffs as a result of the defendants' dilatory motion to compel constitutes obvious prejudice.
>
> *Id.* at 1127-1128.

Under the reasoning of *Martin,* Plaintiff was prejudiced by Michaels'
10 month delay in moving to compel arbitration, and the motion to compel
arbitration should have been denied.

The district court in compelling arbitration held that Plaintiff was not
prejudiced because any discovery could have been used in the non-arbitrable
PAGA claim. 1-ER-28. However, the district court's opinion on this point
misconstrues the decision that it cites to which actually compels the opposite
result in this case. Specifically, the district court cited to *Van Ness
Townhouses v. Mar. Industries Corp*., 862 F.2d 754, 759 (9th Cir. 1998). The
cited passage states in full as follows:

> We also find that Shearson implicitly waived arbitration under the third
> prong of the *Fisher* test because the appellants were prejudiced by
> Shearson's inconsistent acts. In *Fisher,* we held that even extensive
> discovery into both arbitrable and non-arbitrable claims before moving
> to compel arbitration is insufficient prejudice for a waiver if that
> discovery is available for trial of the non-arbitrable claim in federal
> district court. 791 F.2d at 697. However, the *Fisher* defendant failed to
> move to arbitrate its claims because such a motion would have been
> futile until the *Byrd* decision. *Id.* at 695. In contrast, Shearson did not
> move to arbitrate the civil RICO and pendent state law claims even
> though it had a right to do so under *Byrd.* Thus, the appellants relied to
> their detriment on Shearson's failure to move for arbitration of the
> arbitrable claims.
>
> *Id.*

Therefore, the cited passage from *Van Ness Townhomes* that the district
court relied upon, explains that in *Fisher* this Court held that discovery into
inarbitrable and arbitrable claims is not prejudice if the discovery is available

15.

for trial of the inarbitrable claims, but then distinguishes *Fisher* on the basis that the defendant in *Fisher* could not have moved for arbitration earlier. This case, where Michaels could have moved for arbitration is thus like *Van Ness Townhomes* not like the *Fisher* case.

Therefore, since the motion to compel arbitration was erroneously granted, the Judgment in this case in Michaels' favor should be reversed.

Dated:  July 14, 2021          Respectfully submitted,
                              SETAREH LAW GROUP


                        By: /s/ Shaun Setareh
                              Shaun Setareh
                              Thomas Segal
                              Attorneys for Appellant
                              Teresa Armstrong

16.

## STATEMENT OF RELATED CASES

Appellant is unaware of any cases related to this action pending in this Court, as related cases are defined in Local Rule 28-2.6.

# CERTIFICATIONS

**Typeface and Size**: The typeface selected for this Brief is 14 point Times New Roman. The font used in the preparation of this Brief is proportionately spaced.

**Word Count**: The word count for this Brief, excluding Table of Contents, Table of Authorities, Certifications, the Corporate Disclosure Statement, and the Cover is approximately 4,318 words. This count was calculated utilizing the word count feature of Microsoft Word for Office 365.

**Virus Scanning**: The PDF generated from the Word version of this Petition and Brief was scanned with antivirus software.

Dated: July 14, 2021

Respectfully submitted,

SETAREH LAW GROUP


By: /s/ Shaun Setareh
Shaun Setareh
Thomas Segal
Attorneys for Appellant
Teresa Armstrong

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on July 14, 2021.

I certify that, other than the individuals listed below, participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I certify that I caused to be mailed a copy of the electronically filed document to the individuals listed below:

NO MAIL SERVICE REQUIRED

Dated: July 14, 2021      Respectfully submitted,

SETAREH LAW GROUP

By: /s/ Shaun Setareh
    Shaun Setareh
    Thomas Segal
    Attorneys for Appellant
    Teresa Armstrong